IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT CONTEE, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-22-965 |
| LT. R. FOUST, *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM**

Robert Contee, who is proceeding without counsel, filed suit for damages pursuant to 42 U.S.C. § 1983 against Lt. R. Foust, C.O. II J. Blair, C.O.II S. Courtwright, C.O. II J. Wright, C.O. II D. Davis, and C.O. II D. Wills. ECF 1 & 5. Contee alleges that on December 15, 2019, while housed at the Maryland Correctional Training Center, he was assaulted by staff, denied medical care, and improperly issued a disciplinary ticket and placed in isolation. ECF 1. The defendants filed a motion to dismiss or in the alternative for summary judgment, arguing that Contee failed to exhaust his administrative remedies. ECF 19 & 19-1. Contee was advised of his opportunity to respond to the motion, ECF 21, but has not filed any response. No hearing on the motion is necessary. *See* Loc. R. 105.6. The defendants' motion, treated as a motion for summary judgment, is granted because Contee failed to exhaust administrative remedies.

**I.     Background**

Contee alleges that on December 15, 2019, he became "erratic and incoherent" and required medical attention. ECF 1, at 4. He states correctional officers "incorrectly assessed [him] to be under the influence of illicit drugs" and, as a result, treated him like someone who had violated the rules rather than someone in medical distress. *Id*. Contee alleges that as he was

escorted to the medical unit, he was shoved by correctional staff and called derogatory names. *Id*. He claims that, while he was in the medical room, and before his examination was completed, four to six officers assaulted him, beating and kicking him until he was unconscious. *Id*. Contee was then taken to an isolation cell where he remained for 60 days. *Id*. at 5. He alleges that while he was held in isolation, unidentified officers again assaulted him on December 16, 2019. *Id*. He claims that he filed an administrative remedy procedure request to initiate an investigation. *Id*. at 6. He states that there was no response to his grievance, and he did not appeal because there had been no response. *Id.* at 2.

The defendants filed a Declaration by F. Todd Taylor, Jr., Executive Director of the Inmate Grievance Office ("IGO"), who attests that the IGO never received a grievance from Contee regarding being assaulted by officers on December 15 or 16, 2019. ECF 19-2, ¶ 2.

**II.     Standard of Review**

The defendants move to dismiss the complaint for failure to state a claim or alternatively for summary judgment. The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The Court also may consider documents integral to and explicitly relied on in the complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). When the parties present and the Court considers matters outside the pleadings on a Rule 12(b)(6) motion, the Court must treat the motion as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Contee received sufficient notice that the motion may be treated as a summary judgment motion. The Court sent notice advising him that the defendants' motion could be construed as one for summary judgment and could result in the entry of judgment against him. ECF 21. Moreover, the defendants' motion, identifying summary judgment as possible relief, provided sufficient notice for Contee to have a reasonable opportunity to present relevant evidence in support of his position. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Thus, the Court is satisfied that Contee has been advised that the defendants' motion could be treated as one for summary judgment and that he has been given a reasonable opportunity to present materials in response to the motion. The Court will resolve the motion under Rule 56.

Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in support of its position. Fed. R. Civ. P. 56(c)(1)(A). If the moving party demonstrates "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmoving party to "present specific facts showing that there is a genuine issue for trial." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015).

The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The Court must "view the evidence in the light most favorable to the nonmoving party" and avoid "weigh[ing] the evidence or mak[ing] credibility determinations." *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017)

(quoting *Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015)) (internal quotation marks omitted).  However, the Court also must abide by its "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial."  *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)) (internal quotation marks omitted).

### III.  Discussion

The defendants raise the affirmative defense that Contee has failed to exhaust his administrative remedies.  The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003).

Exhaustion under § 1997e(a) is mandatory, and therefore the plaintiff must exhaust his available administrative remedies before this Court will hear his claim.  *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016); *Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 2d 674, 682 (4th Cir. 2005).  Consequently, if Contee has not properly presented any of his claims through an available administrative remedy procedure, that claim must be dismissed pursuant to the PLRA.  *See Ross*, 136 S. Ct. at 1857.  The Court will not dismiss a claim as unexhausted "if a prisoner, through no fault of his own, was prevented from availing himself of [an administrative remedy]."  *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

4

An administrative remedy procedure ("ARP") process applies to all Maryland prisons. Md. Code Regs. ("COMAR") 12.02.28.01 *et seq.* A prisoner seeking redress for a rights violation must follow that process, beginning with filing an ARP request with the prison's managing official. Md. Code Ann., Corr. Servs. § 10-206(b); COMAR 12.07.01.04; *see Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006) (to exhaust administrative remedies, a prisoner must complete "the administrative review process in accordance with the applicable procedural rules"). If his ARP request is dismissed, or the inmate does not receive a timely response, he can challenge the result by filing an appeal with the Commissioner of Corrections. COMAR 12.02.28.14(A)(1)–(2), 12.07.01.05C. If he is dissatisfied with the result when he completes that procedure, he may file a grievance with the Inmate Grievance Office ("IGO"). Corr. Servs. §§ 10-206(a), 10-210; COMAR 12.07.01.03, 05B. The IGO may refer the complaint to an administrative law judge ("ALJ") for a hearing or dismiss it without a hearing if it is "wholly lacking in merit on its face." Corr. Servs. §§ 10-207, 10-208; Cts. & Jud. Proc. § 10-208(c); COMAR 12.07.01.06A, .07, .07B, .08. If the IGO dismisses the complaint, its dismissal serves as a final agency determination. Corr. Servs. §§ 10-207(b)(1). If the complaint is referred to an ALJ, the ALJ provides a proposed decision to the Secretary of Department of Public Safety and Correctional Services. *See* Corr. Servs. § 10-209(b)–(c). The Secretary, in turn, makes a final agency determination. *See id.*

The undisputed record shows Contee failed to exhaust administrative remedies. By his own admission, Contee was aware of the administrative grievance process, and the process was available to him. ECF 1, at 2. He claims he filed a grievance but never received a response. *Id*. According to Mr. Taylor, the Executive Director of the IGO, the IGO never received a grievance from Contee regarding being assaulted by officers on December 15 or 16, 2019. ECF 19-2, ¶ 2. This factual dispute is immaterial because even if Contee filed a grievance, he was required to file

an appeal with the Commissioner of Corrections when he did not receive a timely response. COMAR 12.02.28.14(A)(1)–(2), 12.07.01.05C.  Contee does not contend that he complied with this requirement, and the defendants offer evidence that he did not.  ECF 19-2, ¶ 2.  There is no genuine dispute of material fact that Contee failed to exhaust his administrative remedies.  The defendants' summary judgment motion is granted.

      A separate Order follows.

<u>August 3, 2023</u>  
Date

                                                       _____  
                                                       Deborah L. Boardman  
                                                       United States District Judge